UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

BILLY SWAIN,

           Petitioner,

v.                                      Case No. 3:07-cv-428-J-34TEM

SECRETARY OF THE FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

           Respondents.
_____

**ORDER**

**I. Status**

Petitioner Billy Swain, who is proceeding pro se, initiated this action by filing a Petition for Writ of Habeas Corpus (Petition) (Doc. #1) under 28 U.S.C. § 2254 on May 7, 2007, pursuant to the mailbox rule. Petitioner challenges a 2003 state court (Duval County, Florida) judgment of conviction for sale or delivery of cocaine on the following ground: the trial court abused its discretion in refusing to appoint counsel for Swain for the state court evidentiary hearing.[1]

---

[1] Petitioner abandoned grounds one and two. See Notice of Abandoning the Unexhausted Claims (Doc. #25), filed July 26, 2010; Order (Doc. #24).

Respondents have submitted a memorandum in opposition to the Petition. See Respondents' Answer in Response to Order to Show Cause (Response) (Doc. #13).[2] On May 25, 2007, the Court entered an Order to Show Cause and Notice to Petitioner (Doc. #4), admonishing Petitioner regarding his obligations and giving Petitioner a time frame in which to submit a reply. Petitioner submitted a brief in reply on January 17, 2008. See Petitioner's Reply/Traverse (Reply) (Doc. #20). This case is ripe for review.

## II. State Court Procedural History

On February 7, 2003, Swain was charged in Duval County, Florida, with two counts of sale or delivery of cocaine. Resp. Ex. A at 10-11, Information. Before trial, the State filed a notice of its intent to treat Swain as a habitual felony offender for purposes of sentencing. Id. at 14-15. The notice included two prior judgments: a July 17, 2000 conviction for sale of cocaine, and an April 22, 1993 conviction for grand theft auto.[3] Id. Swain moved for severance of the two counts of sale or delivery of cocaine, id. at 22-24, and the trial court granted the motion. Id. at 25. Swain then proceeded to a jury trial on count two (sale of

---

[2] The Court will refer to Respondents' exhibits as "Resp. Ex."

[3] At the sentencing hearing, the court permitted the State to amend the notice of its intent to treat Swain as a habitual felony offender and to substitute an October 5, 1983 attempted burglary conviction for the April 22, 1993 conviction for grand theft auto. Resp. Ex. A, Transcript of the Sentencing Proceeding at 109-11; Resp. Ex. A at 14, Amended Notice.

delivery of cocaine on January 14, 2003).[4]  At the conclusion of the trial, a jury found Swain guilty of the sale or delivery of cocaine charge set forth in count two of the Information.[5]  Id. at 64, Verdict.  Following trial, the court found that Swain qualified for sentencing as a habitual felony offender, adjudged him guilty in accordance with the verdict and sentenced him to fifteen years of imprisonment.  Resp. Ex. A, Transcript of the Sentencing Proceeding (Tr.) at 101-29; id. at 83A-83F, Judgment.

On appeal, Petitioner, through counsel, filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  Resp. Ex. B.  The appellate court permitted Swain to file a pro se brief, see Resp. Ex. C, in which he argued: (1) the trial court erred and/or abused its discretion when it sentenced Swain without the benefit of having Swain's record before it during sentencing as well as not giving Swain an opportunity to be heard on the matter, thus violating Fla. R. Crim. P. 3.720(b); (2) defense counsel's allowing Tommy Swain to testify that Petitioner Swain had been to prison prejudiced the outcome of the trial when counsel failed to ask the court to strike the answer as unresponsive to the question; (3)

---

[4] The State dropped count one (sale or delivery of cocaine on January 2, 2003).  Resp. Ex. A at 128.

[5] Respondents did not submit the trial transcript "because Petitioner's grounds for relief herein do not relate at all to any matter involving the trial."  Response at 1 n.1.  Petitioner does not object.  Therefore, since the trial transcript is not necessary for resolution of Petitioner's claims, this Court will not order the Respondents to submit the trial transcript.

defense counsel was ineffective for failing to request to suppress the copy of the digital video disc that was made from the tape recording of the drug buy; and (4) the State never proved that Swain qualified for habitual felony offender sentencing. Resp. Ex. D. The State did not file an Answer Brief. See Resp. Ex. E. On May 14, 2004, the appellate court affirmed Swain's conviction and sentence per curiam without issuing a written opinion. Swain v. State, 873 So.2d 328 (Fla. 1st DCA 2004); Resp. Ex. F. The mandate issued on June 9, 2004. Resp. Ex. G.

On June 22, 2004, Petitioner filed a pro se motion for post conviction relief (Rule 3.850 motion) pursuant to Fla. R. Crim. P. 3.850, raising four ineffectiveness claims.[6] Resp. Ex. H at 1-12. On February 17, 2006, the trial court denied the Rule 3.850 motion with respect to ground two and scheduled an evidentiary hearing to address the remaining grounds. Id. at 13-16. Following a March 17, 2006 evidentiary hearing on grounds one, three and four, see Resp. Ex. I, Transcript of the Evidentiary Hearing (EH Tr.), the trial court denied the Rule 3.850 motion on March 21, 2006. Resp.

---

[6] In the Rule 3.850 motion, Petitioner claimed that counsel was ineffective, at the sentencing, for allowing the court (1) to sentence him as a habitual felony offender without having his entire criminal record, including the jail records, to justify habitualization; (2) to sentence him for the January 14, 2003 sale or delivery of cocaine offense when an arrest warrant was never issued for that offense; (3) to improperly rely on invalid, prior convictions for habitualization; and (4) to sentence him as a habitual felony offender for the sale or delivery of cocaine (the primary offense) without a separate proceeding to determine habitualization. Resp. Ex. H at 5-8.

Ex. H at 17-18. Petitioner appealed the denial, see Resp. Ex. H at 19, and the parties filed briefs, see Resp. Exs. J; K. On February 7, 2007, the appellate court affirmed the denial per curiam. See Swain v. State, 954 So.2d 31 (Fla. 1st DCA 2007); Resp. Ex. L. The court denied Swain's motion for rehearing. Resp. Exs. N; O. The mandate issued on May 4, 2007. Resp. Ex. M.

### III. One-Year Limitations Period

The Petition is timely filed within the one-year period of limitations. See 28 U.S.C. § 2244(d); Response at 5-6.

### IV. Evidentiary Hearing

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The pertinent facts of this case are fully developed in the record before the Court. Because this Court can "adequately assess [Petitioner's] claim[s] without further factual development," Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004), an evidentiary hearing will not be conducted.

## V.  Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214 (AEDPA), the review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)."  Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).

> [Section] 2254(d) allows federal habeas relief for a claim adjudicated on the merits in state court only if the state court adjudication[7] resulted in a decision that was:  "(1) . . . contrary to, or involved an unreasonable[8] application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); Marquard, 429 F.3d at 1303.[9]  The phrase "clearly established Federal law," as used in § 2254(d)(1), encompasses only the holdings, as opposed to the dicta, of the United States Supreme Court as of the time of the relevant state court decision.  See Carey v. Musladin,

---

[7] For a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling.  Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003).

[8] "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable - a substantially higher threshold."  Schriro, 550 U.S. at 473 (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

[9] Marquard v. Sec'y, Dep't of Corr., 429 F.3d 1278 (11th Cir. 2005), cert. denied, 547 U.S. 1181 (2006).

> 549 U.S. —, 127 S.Ct. 649, 653, 166 L.Ed.2d 482 (2006) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000)); <u>Osborne v. Terry</u>, 466 F.3d 1298, 1305 (11th Cir. 2006).

<u>Id</u>. at 1208-09.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' §2254(e)(1)." <u>Schriro</u>, 550 U.S. at 473-74. This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)).

### VI. Ineffective Assistance of Counsel

"The Sixth Amendment guarantees criminal defendants effective assistance of counsel. That right is denied when a defense counsel's performance falls below an objective standard of reasonableness and thereby prejudices the defense." <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5 (2003) (per curiam) (citations omitted). The Eleventh Circuit has captured the essence of an ineffectiveness claim:

> The clearly established federal law for ineffective assistance of counsel claims was set forth by the U.S. Supreme Court in <u>Strickland v. Washington</u>, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, first, "the defendant must show that counsel's performance was deficient . . .

> [which] requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687, 104 S.Ct. at 2064. Second, the defendant must show that counsel's deficient performance prejudiced him. Id. That is, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694, 104 S.Ct. at 2068.

Gaskin v. Sec'y, Dep't of Corr., 494 F.3d 997, 1002 (11th Cir. 2007) (per curiam). Since both prongs of the two-part Strickland test must be satisfied to show a Sixth Amendment violation, "a court need not address the performance prong if the petitioner cannot meet the prejudice prong, and vice-versa." Ward v. Hall, 592 F.3d 1144, 1163 (11th Cir. 2010) (citation omitted).

A state court's adjudication of an ineffectiveness claim is accorded great deference.

> The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable - a substantially higher threshold." Schriro, supra, at 473, 127 S.Ct. 1933. And, because the Strickland standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard. See Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004) ("[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations").

8

Knowles v. Mirzayance, 129 S.Ct. 1411, 1420 (2009); see also Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference--this one to a state court's decision--when we are considering whether to grant federal habeas relief from a state court's decision.").

## VII. Findings of Fact and Conclusions of Law

Petitioner claims that the trial court abused its discretion in refusing to appoint counsel for him for the state court evidentiary hearing. Petition at 5; Reply at 1. In his state post conviction appeal, he previously asserted that the state court erred in refusing to appoint counsel for the evidentiary hearing. Resp. Ex. J at 3-8. The State filed an answer brief, arguing "there is no evidence [he] requested counsel." Resp. Ex. K at 10. In his motion for rehearing, Petitioner pointed out that he had filed a motion for appointment of counsel prior to the evidentiary hearing, which the court had denied. Resp. Ex. N at 8-10. Petitioner attached a copy of his motion for appointment of counsel to the motion for rehearing. Id. at 11-12. Indeed, the record reflects that Swain filed a motion for appointment of counsel on March 1, 2006, and the court denied the motion on March 14, 2006. Resp. Ex. Q at 6. Thus, Swain raised this issue in the state post conviction appeal proceedings, and the state appellate court had a copy of the motion for appointment of counsel at the time it denied

the motion for rehearing.  Respondents do not challenge this issue on the basis of exhaustion, and this Court concludes that the claim is adequately exhausted.

To the extent that Petitioner's claim pertains to alleged errors in the post-conviction proceedings, such alleged defects do not provide a basis for federal habeas relief.  The purpose of a federal habeas proceeding is review of the lawfulness of Petitioner's custody to determine whether that custody is in violation of the Constitution or laws or treaties of the United States.  Coleman v. Thompson, 501 U.S. 722, 730, reh'g denied, 501 U.S. 1277 (1991).

The Eleventh Circuit has noted:

> In Spradley v. Dugger, we held that where a petitioner's claim goes to issues unrelated to the cause of petitioner's detention, that claim does not state a basis for habeas relief.  825 F.2d 1566, 1568 (11th Cir. 1987) (involving claims as to errors at a hearing on the petitioner's 3.850 motion); see also Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir. 1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotes omitted); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (agreeing with the majority view and holding that "a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings").  Therefore, while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does

>     not state a basis for habeas relief. See
>     Spradley, 825 F.2d at 1568.

Quince v. Crosby, 360 F.3d 1259, 1261-62 (11th Cir.), cert. denied, 543 U.S. 960 (2004). Moreover, there is no federal constitutional right to an attorney in state post conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions.") (citation omitted). Thus, Petitioner is not entitled to relief on the basis of this claim. See Response at 16-17; Resp. Ex. K at 7-10.

Petitioner requests to amend and/or supplement his Petition to include exhausted ineffectiveness claims that he raised in his Rule 3.850 motion. Reply at 5. Since Petitioner is proceeding pro se in this case, his request will be granted, and this Court will address those ineffectiveness claims raised in his Rule 3.850 motion. As previously stated, Petitioner raised four ineffectiveness claims in his Rule 3.850 motion. See Resp. Ex. H at 1-12. Petitioner claimed that counsel was ineffective, at the sentencing, for allowing the court (1) to sentence him as a habitual felony offender without having his entire criminal record, including the jail records, to justify habitualization; (2) to sentence him for the January 14, 2003 sale or delivery of cocaine offense when an arrest warrant was never issued for that offense; (3) to improperly rely on invalid, prior convictions for habitualization; and (4) to sentence him as a habitual felony

11

offender for the sale or delivery of cocaine (the primary offense) without a separate proceeding to determine habitualization. Id. at 5-8. In denying ground two of Petitioner's Rule 3.850 motion for post conviction relief, the trial court stated:

> The Court has reviewed the entire record before it, including transcripts of the trial and sentencing proceedings. It finds and concludes as follows:
>
> On June 30, 2003, pursuant to a jury trial, the Defendant was found guilty of the charge of Sale or Delivery of Cocaine. (R-64). The case was then set for sentencing on August 8, 2003. Prior thereto, though, the State had served the Defendant with an Amended Notice of its Intent to Classify Defendant as an Habitual Felony Offender. (R-14-15). In that notice, it declared its intent to rely on Defendant's prior convictions for Sale of Cocaine on July 17, 2000; and for Attempted Burglary on October 5, 1983.
>
> On October 4, 2003, then, the Court received from the Defendant a letter admitting that he had two prior felony convictions, but asserting that he did not fit the requirements for "Habitual Offender Status." (R-83). The sentencing hearing then went forward, wherein the Court received evidence that the Defendant was convicted on October 5, 1983, in the Circuit Court of Duval County, Florida, for Attempted Burglary and Grand Theft, both third-degree felonies; and further that he had been convicted on July 17, 2000, in the Circuit Court of Duval County, Florida, of the crime of Sale or Delivery of Cocaine, a second-degree felony. (R-71-81). The Court then proceeded to sentence the Defendant as an Habitual Felony Offender to fifteen years in the Florida State Prison, with credit for time served, and with the taxation of appropriate costs. (R-87).

> In the instant motion, the Defendant appears to raise four grounds for relief. In each, he asserts ineffective assistance of counsel. In ground 2, he appears to assert that his counsel, during sentencing, should have raised the fact that he had received either the conviction herein, or one of his predicate convictions, for an offense for which no warrant was ever issued. This ground is clearly frivolous, in that there is no requirement at law that a warrant be issued as a p[rere]quisite to a lawful arrest or conviction.
>
> As to the remaining grounds, Defendant appears to assert that his trial counsel was ineffective for allowing him to be classified as an Habitual Felony Offender, when the Court did not have proper and adequate records before it to justify imposition of an Habitual Felony Offender sentence. Though the Court is not entirely clear on what the Defendant specifically asserts with regard to these grounds, it will, out of an abundance of caution, hold an evidentiary hearing in the matter.

Id. at 13-15.

An evidentiary hearing was held to address the remaining grounds. With respect to the first issue, the trial judge clarified that only one of the prior convictions had to be within five years of the commission of the 2003 offense for which Swain was to be sentenced. EH Tr. at 5-11. He explained that the primary charge was committed within five years of the date of the conviction for Swain's last prior felony. Id. at 10. Simply stated, "2000 is within five years of 2003." Id. at 8. Regarding the third issue, the trial judge again clarified the habitual felony offender sentencing for Swain:

13

> [O]ne of the two cases has to be within five years. That's the 2000 case. The other one can go back as far as they want. That's the 1983 case. That's the way it works. And they did it right.
>
> . . . .
>
> You got to have two prior ones, but only one has to be within the five years.

Id. at 13. In addressing the fourth ground, the trial judge acknowledged that the transcripts reflect that the habitual felony offender determination was made during an August 6, 2003 proceeding and the sentence was ultimately imposed on August 8, 2003. Id. at 14; see Tr. at 103.

After the evidentiary hearing, the trial court denied the Rule 3.850 motion with respect to the remaining issues, stating in pertinent part:

> This Court entered an order on February 17, 2006 in which it denied the defendant's motion as to the second ground therein, but granted hearing on the remaining three grounds. Such hearing was held in open court on March 17, 2006.
>
> The Court finds that the defendant received a classification as an habitual felony offender herein at a separate hearing held in regard to the same on August 6, 2003. It there classified the defendant an habitual felony offender based upon prior convictions he had received on July 17, 2000; and on October 5, 1983. Attached hereto is a transcript of the August 6, 2003 proceeding, and copies of the predicate convictions.
>
> The defendant then received the sentence in a separate proceeding on August 8, 2003. A

14

>       copy of the transcript of the same is also
>       attached hereto.

Id. at 17-18. Upon Petitioner's appeal, the appellate court affirmed the denial per curiam.

As these ineffectiveness claims were rejected on the merits by the state trial and appellate courts, there are qualifying state court decisions. Thus, these claims should be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA. The Court must next consider the "contrary to" and "unreasonable application" components of the statute. "It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide." Brown v. Head, 272 F.3d 1308, 1313 (11th Cir. 2001), cert. denied, 537 U.S. 978 (2002).

Upon a thorough review of the record and the applicable law, the Court concludes that the state courts' adjudications of these claims were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Thus, Petitioner is not entitled to relief on the basis of these claims.

Additionally, even assuming that the state courts' adjudications of these claims are not entitled to deference under AEDPA, Petitioner's claims are without merit. In evaluating the

15

performance prong of the Strickland ineffectiveness inquiry, there is a strong presumption in favor of competence. The inquiry is "whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. "[H]indsight is discounted by pegging adequacy to 'counsel's perspective at the time' . . . and by giving a 'heavy measure of deference to counsel's judgments.'" Rompilla v. Beard, 545 U.S. 374, 381 (2005) (citations omitted). Thus, Petitioner must establish that no competent attorney would have taken the action that counsel, here, chose. United States v. Freixas, 332 F.3d 1314, 1319-20 (11th Cir. 2003). The trial court correctly sentenced Swain as a habitual felony offender. Thus, any objection to the sentencing process would have been meritless. Counsel cannot be faulted for failing to make meritless arguments. Here, counsel's performance was not deficient.

Even assuming arguendo deficient performance by defense counsel, Petitioner has not shown prejudice. Petitioner has not shown that a reasonable probability exists that the outcome of the case would have been different if his lawyer had given the assistance that Petitioner has alleged he should have provided. Thus, these ineffectiveness claims are without merit since Petitioner has neither shown deficient performance nor resulting prejudice.

## VIII. Conclusion

Upon consideration of the foregoing, the undersigned finds that "[u]nder the doubly deferential judicial review that applies to a <u>Strickland</u> claim evaluated under the § 2254(d)(1) standard, see <u>Yarborough v. Gentry</u>, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim[s] fail[]."  <u>Knowles v. Mirzayance</u>, 129 S.Ct. 1411, 1420 (2009).  Petitioner's other claim involves an issue of state law and/or is without merit.  Any claims not specifically addressed by this Court are found to be without merit.  Accordingly, for the above-stated reasons, the Petition will be denied, and this case will be dismissed with prejudice.

## IX. Certificate of Appealability<br>Pursuant to 28 U.S.C. § 2253(c)(1))

If Petitioner seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted.  This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed

17

further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. Petitioner's request to supplement the Petition to add ineffectiveness claims (Doc. #20) is **GRANTED.**

2. The Petition (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE.**

3. The Clerk of the Court shall enter judgment denying the Petition and dismissing this case with prejudice.

4. If Petitioner appeals the denial of the Petition, the Court denies a certificate of appealability. Because this Court

has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

    5.   The Clerk of the Court shall close this case.

    **DONE AND ORDERED** at Jacksonville, Florida, this 28th day of July, 2010.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

sc 7/28
c:
Billy Swain
Ass't Attorney General (Winokur)